UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
(WESTERN DIVISION)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>WILSON COUNTY,<br><br>    Defendant. | Civil Action No. 5:21-cv-310-FL |

## CONSENT DECREE

**I.    INTRODUCTION**

1. This action was brought by Plaintiff United States of America ("United States") against Defendant Wilson County, North Carolina ("Wilson County" or the "County") to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), following the United States' receipt from the Equal Employment Opportunity Commission ("EEOC") of a charge of discrimination timely filed by Jennifer Riddle ("Ms. Riddle") against Wilson County.

2. This Court has jurisdiction over this action under 42 U.S.C. §§ 2000e-5(f), 2000e-6(b) and 28 U.S.C. §§ 1331, 1343(a), and 1345.

3. In its complaint, the United States alleges that Wilson County retaliated against Ms. Riddle, in violation of Title VII, when it terminated her from her position at Wilson County Emergency Communications ("WCEC") in response to her complaints of sexual harassment. Wilson County denies that it unlawfully retaliated against Ms. Riddle, and maintains that it does not tolerate harassment, discrimination or retaliation per standard County policies.

4. The Parties, desiring that the EEOC charge and this action be settled by this Decree, and without the burden and risks of protracted litigation, agree to the jurisdiction of this Court over the Parties and the subject matter of this action. The Parties further agree to the entry of this Decree as final and binding between them with regard to all issues raised in Ms. Riddle's EEOC charge and raised in the Complaint filed by the United States in this case.

5. This Decree, being entered into with the consent of the Parties, shall not constitute an adjudication or finding on the merits of the case, nor be construed as an admission of liability by Wilson County.

6. Subject to the Court's approval of this Decree, the Parties waive findings of fact and conclusions of law on the merits of this case and further agree to entry of this Decree as a final and binding agreement between them with regard to all claims asserted in the United States' complaint.

7. In resolution of this action, the Parties hereby AGREE to, and the Court expressly APPROVES, ENTERS and ORDERS, the following:

**II.     PARTIES AND DEFINITIONS**

8. "Days" refers to calendar days. If any deadline referenced in this Decree falls on a weekend or federal holiday, the deadline will be moved to the next business day.

9. "Defendant" refers to Wilson County, and includes its current, former, and future agents, employees, officials, designees, and successors in interest.

10. "Effective Date" refers to the date of entry of this Decree by the Court.

11. "Entry" of the Decree refers to the date that the Clerk of Court enters this Decree.

12. "Parties" refers collectively to Plaintiff United States and Defendant Wilson County.

13. "Wilson County Emergency Communications" ("WCEC") refers to the workplace of Ms. Riddle during all times relevant to the claims alleged by the United States.

## III. INDIVIDUAL RELIEF

14. In settlement of the claims of the United States for relief on behalf of Ms. Riddle and in consideration of her signed release ("Release") in this matter attached as Appendix A, Wilson County agrees to provide Ms. Riddle with the following individual relief as set forth below.

15. After Ms. Riddle's execution of the Release, and within thirty (30) days of the effective date of this Agreement, the County shall pay Ms. Riddle, by check made payable to "Jennifer Riddle", a total monetary award of $100,000. The amount will be allocated in a manner that will be communicated to the County by Riddle and/or her attorney upon the execution of this Consent Decree. For any amounts allocated to back pay, the County will withhold all appropriate income tax withholdings and statutory deductions, and shall separately pay its portion of any Social Security tax and other applicable federal, state and local employer-side taxes due, and shall not deduct its portion of such taxes from the amount paid to Ms. Riddle. The County shall pay all such withheld monies to the appropriate governmental agencies and shall issue Ms. Riddle the appropriate Internal Revenue Service tax forms on or before the date it is required by law to do so. For any amounts attributable to compensatory damages, that amount shall be paid to Ms. Riddle in full without any withholdings taken out, and the County shall issue Ms. Riddle an IRS Form 1099 and any other appropriate forms for that amount on or before the date it is required by law to do so. For any amounts allocated to attorney's fees, Defendant will issue the appropriate IRS Form1099.

16. Within ten (10) days of the County sending payment to Ms. Riddle, the County shall provide documentary evidence of having paid Ms. Riddle by sending the United States a photocopy of the front and back of the check.

17. The County agrees to provide a neutral employment reference for Ms. Riddle when communicating with any prospective employer or any third party seeking a reference for her. As used in this Paragraph 17, and to the extent authorized by North Carolina law, a neutral employment reference consists of the disclosure of Ms. Riddle's position held with the County, dates of employment, and last salary. When communicating with any prospective employer or any third party seeking a reference for Ms. Riddle, the County may only provide additional details of Ms. Riddle's employment to the extent such details are required to be disclosed by North Carolina law, including, without limitation, its statutes regarding public records. The County shall not provide, in writing or orally, any other employment information for Ms. Riddle, shall not make any disparaging remarks about Ms. Riddle, and shall not refer in any way to the United States' filing of this lawsuit, her filing of an EEOC charge against the County, or the facts or circumstances surrounding the underlying EEOC Charge or the Complaint filed by the United States.

18. Within thirty (30) days from the effective date of this Agreement, the County shall remove from Ms. Riddle's personnel file any reference to her having been terminated from employment. This includes the removal (or redaction) of any personnel action notice or other personnel records referencing the reason for her separation from employment with Wilson County.

## IV. GENERAL INJUNCTIVE RELIEF

19. Defendant, by and through its officials, agents, employees, and all other persons in active concert or participation with Defendant in the performance of employment or personnel functions, shall not engage in any act or practice that constitutes retaliation in violation of Title VII. Adverse action or threat of adverse action that might deter a reasonable person from asserting rights protected by equal employment opportunity laws, such as opposing an unlawful employment practice or participating in an investigation into unlawful practices, constitutes retaliation. Opposition or participation may include, but are not limited to: filing a charge with the EEOC; making complaints to supervisors; or testifying, assisting or participating in any manner in an investigation, proceeding or hearing under Title VII.

## V. DEVELOPMENT AND REVISION OF RELEVANT COUNTY AND WCEC POLICIES

20. Within thirty (30) days of the effective date of this Decree, the County agrees to submit to the United States, for review and approval, copies of existing written policies and procedures and/or proposed changes to written policies and procedures to conform to the requirements of this Decree, that concern sexual harassment and retaliation, affecting WCEC employees. At the time the County provides the written policies and procedures pursuant to this paragraph, the County will identify by job title, the person(s) within the County's Department of Human Resources, or other County departments, who will provide information to the Department of Justice concerning oversight of the newly implemented policies.

21. The County's policy governing sexual harassment and retaliation shall include, at a minimum:

(a) the legal definitions of sexual harassment and retaliation, and a description of the complaint process, including the manner in which an employee may make a complaint of sexual harassment or retaliation;

(b) a description of the procedures for appropriate follow-up and monitoring to ensure that sexual harassment and retaliation do not continue where inappropriate conduct has been reported;

(c) a description of the complaint investigation process. Defendant will include person(s) by job title who may conduct the investigation and make conclusions about the results of the investigation, including the department to which the person belongs, to whom by job title they report, and their jurisdiction. The description must also outline measures to ensure timely and thorough investigations;

(d) a description of the appropriate discipline policies, procedures, and guidelines that are designed to promptly correct sexual harassment and retaliation;

(e) a requirement that supervisors who witness or learn of possible sexual harassment and retaliation must take prompt action to report and address the issue; and

(f) a reference to accountability measures, including any appropriate discipline, to ensure that supervisors implement the policies relating to reporting, investigating, preventing, and correcting instances of sexual harassment or retaliation.

22. The United States will notify Defendant in writing within thirty (30) days of receipt of any proposed policies whether it has any objections to the policies. Within twenty (20) days of the United States' notification that it has no objections to the policies, or in the event that the United States asserts an objection, within twenty (20) days of the resolution of the United States' objections to the revised policies, the County will implement any policy changes in accordance with its normal process and shall adhere to the modified policies. Any disagreement between the United States and the County regarding the language of the proposed policies may be resolved in accordance with Paragraph 32.

23. Within twenty (20) days from the date upon which the policies referenced in Paragraphs 20-21 above have been approved by the United States, or any objections have been resolved, Defendant shall take the following steps:

(a) Defendant shall implement the policies and then distribute copies of such policies and procedures to all employees of the County, and to any supervisor, management official, human resources or other investigative personnel (without regard to whether they work in the WCEC) involved in receiving or responding to complaints of sexual harassment or retaliation within the County or otherwise providing oversight for enforcement of these policies within the County. Defendant shall provide a copy to the United States. Each individual employee of the County who receives a copy shall sign an acknowledgement that it has been received and read. Acknowledgments required under this paragraph may be accomplished by electronic means, such as e-signature. The signed acknowledgement by each employee shall be retained by the County in a retrievable fashion, whether within an electronic system designed for this purpose or within the employee's personnel file.

(b) Defendant shall publicize such policies and procedures by, among other things, posting them in all buildings and facilities, by email to all employees of the County, and on any internet or intranet website used for posting notices or policy changes for or concerning policies in effect for the County.

(c) Defendant shall ensure that each new employee, management official, supervisor, or human resources personnel (as described in Subparagraph (a)) receives a copy of the written policies and procedures at the time of the new employee's hire or at the time of the supervisor's selection or appointment. Each new employee, management official, supervisor, or human resources personnel shall sign an acknowledgement that they have read and understood

such policies and procedures. Acknowledgments required under this paragraph may be accomplished by electronic means, such as by e-signature or electronic confirmation. The signed acknowledgment by a new employee shall be retained by the County in a retrievable fashion, whether within an electronic system designed for this purpose or within the employee's personnel file.

(d)   For all supervisors, Defendant will include a performance element in the criteria for written performance evaluation that measures compliance with the retaliation policies described above. For purposes of this Paragraph, Telecommunications Trainers at WCEC will be considered "supervisors."

## VI.   INVESTIGATION PROCEDURES

24.   Within thirty (30) days of the effective date of this Decree, the County agrees to submit to the United States, for review and approval, copies of investigation procedures concerning complaints of sexual harassment or retaliation. The submission shall include a description of the procedures that will be used to investigate all complaints of sexual harassment and retaliation, specifying all steps in the investigative process.

25.   The United States will notify the County in writing within thirty (30) days of receipt of any proposed procedures whether it has any objections to the proposed procedures. Within twenty (20) days from the date upon which the procedures have been approved by the United States, and any other objections have been resolved, Defendant shall implement any changes in accordance with its normal process and shall adhere to the modified procedures. Any disagreement between the United States and the Defendant regarding the language of the proposed procedures may be resolved as outlined in Paragraph 32.

26. The County will include the following provisions in their investigative procedures:

(a) An employee or potential employee of the County may make a complaint (either written or oral) of sexual harassment or retaliation to the County Manager or Designee, typically the Director of Human Resources, the employee's supervisor in their chain of command, or any other appropriate individuals or entities identified in the updated procedures.

(b) Any complaint received shall be memorialized in writing and signed by the complainant as to its accuracy.

(c) All supervisors must promptly report all written or oral complaints of sexual harassment or retaliation to the County Manager or Designee, a designated County Human Resources representative, or other appropriate individuals or entities identified in the updated procedures. Any supervisor who witnesses or becomes aware of conduct that they reasonably believe may be harassment or retaliation must promptly report the conduct, even if the supervisor has not received a complaint. All supervisors shall report complaints and information about sexual harassment or retaliation immediately to the County Manager or Designee after receiving the complaint or learning of the information.

(d) When a complaint is made or referred to the County Manager or Designee or to other appropriate individuals or entities identified in the updated procedures, the recipient will: (1) provide the complaint to a designated investigator ("Investigator") no later than five (5) business days after receipt of the complaint to conduct objective fact-finding investigations into complaints of sexual harassment or retaliation; (2) provide written notice, via the Defendant's Complaint Form, of receipt and investigation to the respondent(s) and complainant(s); (3) ensure that an investigation conducted by the Investigator is promptly completed and that conclusions

based on standards or criteria are provided in their written report; (4) ensure that the Investigator provides the report on the complaint and the results of the investigation to the appropriate Human Resources personnel; (5) ensure a written disciplinary recommendation is submitted by the appropriate individual(s) identified in the updated procedures no later than sixty (60) days from the date the complaint is received by the County, absent unusual exigent circumstances; (6) ensure the results of the investigation and the written disciplinary recommendation is submitted to the County's legal counsel for approval during the term of this Decree and to the County Human Resources Department; and (7) communicate in writing to the complaining party the final determination of the investigation, and any changes that impact the complaining party, within a reasonable time period—to be specified in the County's revised investigative procedures submitted to the Department pursuant to Paragraphs 24 and 25.

(e) If proposed by the United States, Defendant will agree to effectuate any provision which sets forth any of the following requirements for investigations of sexual harassment or retaliation: (1) interviewing relevant individuals and documenting all such interviews in narrative form; (2) gathering and reviewing relevant documents; (3) checking whether prior complaints of a similar nature were made against the same individual during employment with Defendant; and (4) conducting investigations in a fair and impartial manner.

## VII. TRAINING

27. Within thirty (30) days of the effective date of this Decree, the County agrees to submit to the United States, for review and approval, copies of its training materials addressing sexual harassment and retaliation for County employees. The County will identify by job title the person or persons within the County's Department of Human Resources or other County department who will provide information concerning, and oversight of, the implementation of

the training, which can be conducted in person or, if required for reasons of public health and safety, virtually. To the extent that any employees are onboarded subsequent to the date the above training is held, the training may be administered to those employees via recorded presentation. At the same time the County provides its proposed training materials to the Department, it will identify the outside consultant who will provide the training and provide that consultant's credentials to the Department. The United States will notify Defendant in writing within thirty (30) days of receipt of any proposed training whether it has any objections to the proposed training or the person(s) who will provide such training. Any disagreement between the United States and the Defendant regarding the language of the proposed training may be resolved as outlined in Paragraph 32.

28. Within ten (10) days from the date upon which the trainings referenced in Paragraph 27 above have been approved by the United States, or any objections have been resolved, Defendant, at its own cost, will initiate training as set forth below:

    (a) Defendant shall ensure that all current County employees, including supervisors and management officials, undergo a one-time training as approved under this Decree regarding the new policies and procedures adopted or amended pursuant to this Decree and on Title VII's prohibitions on sexual harassment and retaliation. The one-time training, shall be interactive.

    (b) Defendant will ensure that, during the life of this Decree, the training referenced in Paragraph 27 (a) will be administered to all newly hired employees, within thirty (30) days of their hire.

    (c) Defendant shall also provide to all employees, anti-retaliation training, which can be incorporated into the training provided in Paragraphs 27-28. As approved under

this Decree, that training shall specifically discuss what constitutes protected activity under Title VII and reporting procedures for complaints of retaliation. The training shall be interactive.

29. All persons who undergo trainings pursuant to Paragraphs 27 and 28 will sign an acknowledgement of attendance at the training. Acknowledgements required under this paragraph may be accomplished by electronic means, such as by e-signature. Defendant will keep on file, either electronically or in paper copy, all signed acknowledgements for the duration of this Decree and provide it to the United States within ten (10) days upon written request.

## VIII. RECORD KEEPING AND COMPLIANCE MONITORING

30. While the Decree remains in effect, Defendant shall retain necessary records to implement this Decree. Defendant shall furnish records and documents relevant to its compliance with the implementation of this Decree to counsel for the United States within thirty (30) days of any written request to Defendant's counsel.

31. While the Decree remains in effect, Defendant will retain all records, including any papers, electronic files or writings of any kind, reports, studies, memoranda, letters, notes, charts, tables, rosters, manuals, guidelines, rules, lists, tabulations, press releases, books, articles, treatises, recordings or transcriptions of minutes, electronic files, machine readable format files, computer files, or audio or video recordings, electronic mail, and facsimiles, that come into its possession relating to:

(a) Complaints or charges of retaliation made by employees of the County: (1) internally; (2) with the EEOC; or (3) through or with any other federal or state agency authorized to receive such complaints. The United States shall not publicly disclose any complaints or charges received under this Paragraph unless it is required for the enforcement of this Decree.

Page **12** of **16**

Case 5:21-cv-00310-FL   Document 10   Filed 11/05/21   Page 12 of 17

(b) Any disciplinary action taken related to the complaints referred to in Paragraph 31(a). This provision applies to any claims that arise from the effective date of this Decree through the term of this Decree as defined in Paragraph 43 of this Decree.

(c) The Defendant will provide copies of such records to the United States within ten (10) business days of its receipt of such complaints or charges, or disciplinary action taken related to such complaints or charges. The United States will have the right to inspect and copy all documents related to such complaints or charges, or disciplinary action taken related to such complaints or charges, upon reasonable notice to the Defendant without further order of this Court.

## IX. DISPUTE RESOLUTION

32. The Parties shall attempt to resolve informally any dispute that may occur under this Decree. The Parties shall engage in good faith efforts to resolve the issue before seeking action by the Court. If the Parties are unable expeditiously to resolve the issue, any party may move the Court for resolution, provided that written notice is first provided to the other party at least seven (7) days in advance of taking such action.

## X. RETENTION OF JURISDICTION

33. The Court will retain jurisdiction over this Decree for the purposes of implementing the relief provided herein, and resolving any disputes or entering any orders that may be necessary to implement the relief provided herein, which jurisdiction shall terminate as provided in Paragraph 43.

## XI. MISCELLANEOUS

34. The United States and Defendant shall bear their own costs and fees in this action.

35. If any provision of this Decree is found to be unlawful, only the specific provision in question will be affected and the other provisions will remain in full force and effect.

36. The time limits set forth throughout this Decree may be expanded upon mutual consent of the Parties or upon order of the Court following written notice to the other party and the opportunity for the other party to respond thereto.

37. To the extent possible, all documents required to be delivered to the Parties and/or to Ms. Riddle under this Decree shall be sent via electronic mail.

38. Where such electronic delivery is not possible, all documents delivered under this Decree to Ms. Riddle shall be sent to the following physical address:

> Brandon Atwater, Esq.
> Atwater Law
> 400 West Main Street, Suite 500
> Durham, NC 27701
> b.atwater@atwaterlaw.com

39. Where electronic delivery is not possible, documents delivered under this Decree to the United States should be sent to the following physical address <u>via overnight delivery service</u>:

> Christopher Woolley, Senior Trial Attorney
> Vendarryl Jenkins, Trial Attorney
> Employment Litigation Section
> 4 Constitution Square
> 150 M Street NE, Room 9.924
> Washington, D.C. 20002
> christopher.woolley@usdoj.gov
> vendarryl.jenkins@usdoj.gov

40. Where electronic delivery is not possible, documents delivered under this Decree to Defendant will be sent to the following physical address:

> John Pueschel, Esq.
> LaKeshia Banks, Esq.

Womble Bond Dickinson LLP
One West Fourth Street
Winston-Salem, NC 27101
John.Pueschel@wbd-us.com
LaKeshia.Banks@wbd-us.com

41. Either Plaintiff, Defendant, or Ms. Riddle may update physical or electronic mailing addresses without requiring any changes to the Consent Decree.

42. This Decree may be executed in multiple counterparts, each of which together shall be considered an original but all of which shall constitute one Decree. The Parties agree to be bound by facsimile signatures.

## XII. DURATION OF THE DECREE

43. Unless otherwise ordered by this Court, and absent the pendency of any motion related to this Decree, and subject to the provisions in Paragraph 44, this Decree shall expire without further order of the Court twelve (12) months from the effective date and the jurisdiction of the Court over the parties under this case shall terminate.

44. Should the United States believe that Defendant will not fully satisfy, within the twelve months allotted by Paragraph 43, the obligations it has undertaken pursuant to Parts V, VI, VII and VIII of this Decree, it may, with notice to Defendant and an opportunity to respond, starting no earlier than ten (10) months and no later than eleven (11) months after the effective date of this Decree, move the Court to extend the total duration of this Decree from twelve (12) months up to but no more than eighteen (18) months for the purpose of facilitating Defendant's compliance.

It is so **ORDERED**, this __5th__ day of __November__, 2021

_____
Hon. Louise Wood Flanagan
UNITED STATES DISTRICT JUDGE

Agreed and consented to:

| | |
|---|---|
| KRISTEN CLARKE<br>Assistant Attorney General<br><br>By: */s/Karen D. Woodard*<br>KAREN D. WOODARD<br>Acting Chief<br><br>*/s/Clare Geller*<br>CLARE GELLER<br>Deputy Chief<br><br>*/s/Christopher Woolley*<br>*/s/Vendarryl Jenkins*<br>CHRISTOPHER WOOLLEY<br>VENDARRYL JENKINS<br>Trial Attorneys<br>United States Department of Justice<br>Civil Rights Division<br>Employment Litigation Section<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br>Telephone: (202) 598-6582<br><br>*Counsel for Plaintiff United States* | */s/John Pueschel*<br>JOHN PUESCHEL<br>Womble Bond Dickinson (US) LLP<br>One West Fourth Street<br>Winston-Salem, NC 27101<br>John.Pueschel@wbd-us.com<br><br>*/s/LaKeshia Banks*<br>LAKESHIA BANKS<br>Womble Bond Dickinson (US) LLP<br>One West Fourth Street<br>Winston-Salem, NC 27101<br>LaKeshia.Banks@wbd-us.com<br><br>*Counsel for Defendant Wilson County* |

# APPENDIX A

## RELEASE

I, Jennifer Riddle, for and in consideration of accepting the relief to be provided to me under the provisions of the Consent Decree entered in *United States v. Wilson County, North Carolina*, (E.D.N.C.), hereby release and discharge Wilson County, North Carolina ("County"), former Assistant Director of Wilson County Emergency Communications Michael Cone in his official capacity, and the County's current employees and agents from all legal and equitable claims which have been or could have been asserted in the United States' Complaint or based on the charge of discrimination that I filed with the Equal Employment Opportunity Commission (Charge No. 433-2017-03127).

I understand that the relief to be given to me does not constitute an admission by the County of the validity of any claim raised by me, or on my behalf nor does it constitute liability for any wrongdoing or violation of any applicable federal law or regulation.

I HAVE READ THIS RELEASE AND UNDERSTAND THE CONTENTS THEREOF, AND I EXECUTE THIS RELEASE OF MY OWN FREE ACT AND DEED.

Signed this 25th day of October, 2021.

_____
Jennifer Riddle